# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID L. STONE,** | ) | **CASE NO. 4:08CV3201** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAXTER INTERNATIONAL, INC., a Delaware Corporation; BAXTER HEALTHCARE CORPORATION, a Delaware Corporation; HAKAM ASAAD, M.D.; DOUGLAS WELSH, M.D.; ALEC AKBAROV, M.D.; DAVID A. DUDLEY, M.D.; DONALD BELL, M.D.; and FAITH REGIONAL HEALTH SERVICES, a Nebraska Non-Profit Corporation, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 28) issued by Magistrate Judge F.A. Gossett recommending that I grant the Plaintiff's Motion to Remand (Filing No. 17) and Defendants Asaad, Akbarov and Faith Regional Health Services' Motion to Remand (Filing No. 20), and that I deny the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multi-District Litigation (Filing No. 10) filed by Defendants Baxter International, Inc. and Baxter Healthcare Corporation (collectively "Baxter"). Baxter has objected to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1) and NELR 72.4 (Filing No. 29) and requested oral argument (Filing No. 30).

The Court has considered the parties' briefs (Filing Nos. 11, 18, 21, 22, 23, and 25) and evidentiary submissions (Filing Nos. 12, 19, 24, and 26) presented to the Magistrate

Judge, as well as the briefs filed in support of and in opposition to the Objection (Filing Nos. 31 and 32).

## BACKGROUND

The Plaintiff, David L. Stone ("Stone"), brought this action in the District Court of Madison County, Nebraska, on August 4, 2008. Stone's Complaint (Filing No. 1-2) alleged that he suffered injury after being treated with heparin, an anticoagulant drug manufactured and sold by Baxter. Stone's causes of action against Baxter consist of state law claims of strict products liability, negligence, breach of implied warranty, fraudulent misrepresentation, and negligent misrepresentation. Stone's Complaint also names Faith Regional Health Services ("FRHS"), as well as Drs. Asaad, Welsh, Akbarov, Dudley and Bell. Stone's claims against the medical providers are for professional negligence. Baxter filed a Notice of Removal in this Court on September 30, 2008. In the Notice, Baxter indicated its intention to notify the Multi-District Litigation ("MDL") Panel in hopes of having the case transferred to the Northern District of Ohio, the transferee court for MDL No. 1953, *In re: Heparin Products Liability Litigation.*

The medical-provider defendants did not join in, or consent to, Baxter's removal action. On October 3, 2008, shortly after filing its Notice of Removal, Baxter filed a motion to stay the proceedings pending a decision by the MDL Panel. Stone opposed the Motion to Stay. Stone and Defendants Akbarov, Asaad and FRHS moved to remand the case to the District Court of Madison County, Nebraska, which motion Baxter opposed.

In its objection to Magistrate Gossett's Report and Recommendation, Baxter argues that the Court should not decide the merits of the motions to remand and should instead stay the proceedings pending a decision by the MDL Panel. Baxter contends that a

2

transferee court designated by the MDL would be in the best position to determine the subject matter jurisdiction issues challenged in the motions to remand. Baxter further argues that if this Court deems it appropriate to address the merits of the motions to remand, it should reject the Magistrate Judge's Report and Recommendation and retain jurisdiction over the case by finding either federal question or diversity jurisdiction, or both.

## DISCUSSION[1]

Magistrate Judge Gossett concluded that the Court cannot exercise diversity jurisdiction in this case. Judge Gossett fully and accurately summarized the evidence in the record relative to Stone's claims against the medical-provider defendants and their relation to the claims against Baxter. The record supports Judge Gossett's conclusion that the Complaint states a colorable claim against the medical-provider defendants according to the principles articulated in *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)(citing *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). I find that Baxter has failed to demonstrate that the medical providers were named as defendants for the purpose of defeating federal diversity jurisdiction. As such, Baxter's contention that diversity jurisdiction exists because the medical defendants were misjoined and/or

---

[1] Baxter's removal of this case appears to have been defective from the outset due to Baxter's failure to join the medical provider defendants or to obtain their consent to remove the case in accordance with the Eighth Circuit's interpretation of 28 U.S.C. § 1446. *See Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n. 2 (8th Cir. 2001). Baxter contends that consent is not required when defendants are fraudulently joined or misjoined or when the claims are separate and independent (Filing No. 23, p.22). The Magistrate Judge addressed and discredited those arguments in his discussion of diversity jurisdiction. I also find Baxter's arguments unpersuasive. Although Baxter's failure to comply with proper removal procedure appears to be dispositive, I find that consideration of the basic issue of subject matter jurisdiction is warranted in light of the arguments before the Court.

3

fraudulently joined, fails. Accordingly, I conclude that complete diversity does not exist between the Plaintiff and all the Defendants as required by 28 U.S.C. §1332.[2]

Magistrate Judge Gossett also concluded that the Court cannot exercise federal question jurisdiction in this case.  Judge Gossett fully and accurately summarized the evidence in the record relative to Stone's state law claims against Baxter.  This record supports Judge Gossett's conclusion that Stone's claims against Baxter do not arise under federal law.  Accordingly, I conclude that the Complaint does not raise any substantial question of federal law as required by 28 U.S.C. § 1331.

Magistrate Judge Gossett concluded that the Court should deny Baxter's motion to stay the proceedings pending a transfer decision from the MDL Panel.  Baxter contends that the MDL transferee court would be in the best position to determine the jurisdictional issues raised in the remand motions.  In its brief in support of its Objection, Baxter criticizes the absence of discussion in the Magistrate Judge's cursory recommendation to deny the motion to stay.  I find that discussion of the merit, or lack of merit, of Baxter's motion to stay was unnecessary in light of the Magistrate Judge's conclusion that this Court lacks subject matter jurisdiction.

This Court is in the best position to determine its subject matter jurisdiction.  In fact, it is the Court's responsibility to make that determination in any case before it, whether challenged by a party or not.  To stay the case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice.  *See Kohl v. Am. Home Prod. Corp.*, 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999).

---

[2]The record further supports Judge Gossett's conclusion that severance of the claims, in an effort to cure the lack of diversity, would be inappropriate.

4

The Court does not have subject matter jurisdiction over the claims brought by Stone and, as such, this case should not be before the MDL Panel or any other federal venue for consideration.[3]

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, the Court has conducted a *de novo* review of the record. Because Magistrate Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety. I conclude that the Court cannot exercise jurisdiction over the Plaintiff's claims pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and the proper course is to remand this matter to the District Court of Madison County, Nebraska. Accordingly,

IT IS ORDERED:

1. Defendants Baxter International, Inc., and Baxter Healthcare Corporation's Statement of Objection to Magistrate Judge's Recommendation (Filing No. 29) is overruled;

2. Defendants Baxter International, Inc., and Baxter Healthcare Corporation's Request for Oral Argument (Filing No. 30) is denied;

3. The Magistrate Judge's Report and Recommendation (Filing No. 28) is adopted in its entirety;

4. Defendants Baxter International, Inc., and Baxter Healthcare Corporation's Motion for Stay of Proceedings (Filing No. 10) is denied;

---

[3]The Eighth Circuit has held that "a district court is required to resolve all doubts about federal jurisdiction in favor or remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citing *In re Business Men's Assurance Co. Of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

5. The Plaintiff's Motion to Remand (Filing No. 17) is granted as to the remand to the District Court of Madison County, Nebraska, and it is denied as to the request for costs and attorney's fees;

6. Defendants Asaad, Akbarov and Faith Regional Health Services' Motion to Remand (Filing No. 20) is granted; and

7. This matter is hereby remanded to the District Court of Madison County, Nebraska.

DATED this 30th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge